IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| VS. | § | CRIMINAL ACTION NO. H-88-173-6 |
| | § | |
| THERESA R. GARDLEY. | § | |

**ORDER DENYING MOTION TO EXPUNGE**

On May 19, 1988, Theresa R. Gardley pleaded guilty to the unlawful use of an unauthorized access device, a credit card. She received a five-year probated sentence. *Id*. Gardley completed her probation, paid the restitution, and completed her supervised release in December 1993. *Id.*

In 2016, Gardley received an executive grant of clemency. *Id*. In July 2018, Gardley moved to expunge the 1988 conviction from her record. *Id*. Based on the motion, the record, and the applicable law, the court denies the motion, explaining the reasons below.

Federal courts have limited authority to expunge a valid conviction that is later pardoned. *United States v. Scott*, 793 F.2d 117 (5th Cir. 1997). A presidential pardon or clemency grant does not erase the conviction as a historical fact or make it invalid. *United States v. Noonan*, 906 F.d 952 (3d Cir. 1990); *Hirschberg v. CFTC*, 414 F.3d 679, 682 (7th Cir. 2005) ("[T]he legal effect of a presidential pardon is to preclude further punishment for the crime, but not to wipe out the fact of conviction."). The pardon or clemency grant itself does not expunge judicial or administrative records of the conviction or provide federal courts with the power to grant an expungement. *See Appellant v. Sealed Appellee*, 130 F.3d 695, 701 (5th Cir. 1997). A plaintiff seeking expungement must assert an affirmative right beyond the clemency grant or pardon. *Id.* at 699; *see, e.g., United States v. McLeod*, 385 F.2d 734, 750 (5th Cir. 1967); 18 U.S.C. § 3607(c). For example, federal

courts can enter an expungement order for a person who is found guilty under Section 404 of the Controlled Substances Act, 21 U.S.C.§ 844, if that person was under 21 years old when the offense was committed. 18 U.S.C. § 3607(c). Gardley's conviction does not meet these criteria.

Gardley does not challenge the validity of her prior conviction or state a valid basis for expungement. The continuing negative impact on her ability to get jobs is not a sufficient basis for the expungement she seeks.

Gardley's request for expungement, (Doc. Entry No. 205), is denied.

SIGNED on August 9, 2018, at Houston, Texas.

_____
Lee H. Rosenthal
Chief United States District Judge